UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MICHAEL MUNGIN, | |
| Petitioner, | Civil Action No. 5:25-361-KKC |
| v. | |
| WARDEN OF FMC LEXINGTON, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Michael Mungin is incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Mungin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he suggests that the Federal Bureau of Prisons ("BOP") is failing to award him certain time credits he has earned pursuant to the First Step Act ("FSA") and otherwise improperly calculating his release date. [*See* R. 1]. The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Mungin's petition. [*See* R. 9]. Mungin then filed a reply in support of his request for relief. [*See* R. 10]. Thus, this matter is ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Mungin's petition because he has neither clearly shown how the BOP's calculations are incorrect nor otherwise adequately demonstrated that he is entitled to habeas relief. The U.S. Attorney's Office has explained that, as of the BOP's most recent calculation, Mungin has earned 1,200 days of relevant time credits, and the BOP has applied 365 of those days (which is the applicable statutory maximum) toward early transfer to supervised release. [*See* R. 9 at 4]. As a result, the BOP has

advanced Mungin's release date by a full year—from March 26, 2033, to March 26, 2032. [*Id.*]. The U.S. Attorney's Office has also indicated that, ultimately, Mungin is projected to earn 1,315 days of relevant time credits "over and above the 365 days" already applied to his sentence, meaning that, under a best-case scenario, he could be released to a residential reentry center or home confinement as early as August 19, 2028. [*See id.* at 5]. While Mungin offers his own series of calculations, his submissions are difficult to follow, and he certainly has not demonstrated in any clear way how the BOP's evidence, including its comprehensive time credit assessment [R. 9-3 at 1-3], is wrong or otherwise inconsistent with applicable law.

Nevertheless, Mungin suggests he should be immediately placed on home confinement. But his request is simply unavailing. Pursuant to 18 U.S.C. § 3624(c), the BOP has the discretion to determine Mungin's place of confinement; indeed, as this Court has recognized, "a prisoner is neither entitled nor guaranteed such placement for any minimum amount of time." *Schmutzler v. Quintana*, No. 5:19-cv-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019); *see also* 18 U.S.C. § 3621(b) (giving *t*he BOP the authority to determine where a prisoner is housed).

Accordingly, it is **ORDERED** that:

1. Mungin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 18th day of February, 2026.



Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**